UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-233-F

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| MARINO ESTEBAN DIAZ, ) | |
| INDIVIDUALLY and d/b/a VELVET ) | |
| ROOM BAR AND LOUNGE, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court the Motion for Judgment Default [DE-9] filed by Plaintiff.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action against Defendant on April 28, 2012, by filing a Complaint alleging Defendant unlawfully intercepted and broadcast a program to which Plaintiff owned the exclusive nationwide closed-circuit rights, for the purpose of commercial advantage or private financial gain in violation of 47 U.S.C. §§ 553 and 605, and also alleging a claim for conversion under North Carolina law. The record shows that Defendant was served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure on June 4, 2012. *See* Executed Summons [DE-5]. Defendant did not file a responsive pleading to the Complaint, and the Clerk of Court for the Eastern District of North Carolina entered entry of default against Defendant on August 14, 2012 [DE-8]. Plaintiff now moves for Default Judgment against Defendant, who has not filed a response to the motion.

1

## II. FINDINGS OF FACT

Upon default, the well-pleaded facts alleged in the Complaint are deemed admitted. *See Ryans v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Based upon Plaintiff's Complaint, the court finds the following facts:

Plaintiff "was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *The Floyd Mayweather, Jr. v. Shane Mosley, Welterweight Championship Fight Program* [hereinafter "Program"] telecast nationwide on May 1, 2010." Compl. [DE-1] ¶ 8. It marketed the sub-licensing rights in the Program to commercial customers, such as bars, restaurants, and nightclubs. *Id.* at ¶¶ 9-10. Defendant, an individual d/b/a Velvet Room Bar and Lounge, exhibited the Program without Plaintiff's authorization at Defendant's Raleigh, North Carolina, location. *Id.* ¶ 11.

## III. DISCUSSION

### A. Default Judgment

The court finds that it has subject matter jurisdiction over this matter, and that service on Defendant was obtained in accordance with Rule 4. Accordingly, this court has personal jurisdiction over Defendant. The Clerk of Court having filed entry of default on August 14, 2012, the court concludes that the procedural requirements for entry of default judgment have been met.

### B. Relief

Although Plaintiff meets the technical requirements for entry of default judgment, the inquiry does not stop there. It is well settled that upon default, the facts alleged in the Complaint are deemed admitted. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir.

2001). The court, however, determines whether the facts, as alleged, support a claim and the relief sought. *Id.* In its motion for default judgment, Plaintiff seeks an award of damages, attorneys fees, and costs under § 605, and additional damages for its common law claim of conversion.

Section 605 prohibits unauthorized individuals from intercepting "radio communication" and divulging or publishing the "existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). An aggrieved party is entitled to actual damages or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i). Statutory damages may be awarded in a sum of not less than $1,000 or more than $10,000, as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). Violations that are willful and for purposes of direct or indirect commercial advantage or private financial gain may also, in the court's discretion, be subject to an enhancement of up to $100,000 in damages. 47 U.S.C. § 605(e)(3)(C)(ii).

The court finds that the allegations in the Complaint establish that Defendant violated § 605(a). Compl. ¶¶ 8-12 [DE-1]. The court also finds that Plaintiff has established that Defendant's violation of § 605 was willful and for commercial advantage. Compl. ¶ 11; *see also* Gagliardi Aff. ¶ 9 [DE-9-3]("[T]o the best of my knowledge our programming is not and cannot be mistakenly, innocently or accidentally intercepted.").

In determining the amount of statutory damages, courts have used one of three approaches: (1) multiplying the number of patrons by the cost if each patron had paid a residential fee to watch the program; (2) imposing damages in an amount approximate to the licensing fee a defendant should have paid plaintiff, or (3) a flat amount. *J&J Sports Prods., Inc. v. Brazilian Paradise, LLC* No. 4:10-cv-3113-TLW-SVH, 2011 WL 1584107, at *6 (D.S.C.

3

April 27, 2011). In this case, the court finds it just to award Plaintiff the amount it would have charged Defendant to sublicense the Program, or $4,200. *See* Ex. 1, Gagliardi Aff. [DE-9-3].

With regard to enhanced damages, courts have considered the following factors in determining an appropriate amount: " 'repeated violations over an extended period of time; substantial unlawful monetary gains; significant actual damages to plaintiff; defendant's advertising for the intended broadcast of the event; and defendant's charging a cover charge or charging premiums for food and drinks.' " *J&J Sports Prods., Inc. v. Lara Sport House Corp.*, No. 1:10-cv-01369, 2011 WL 4345114, *6 (E.D.Va. Aug. 26, 2011 (quoting *Kingvision Pay-Per-View, Ltd. v. Villalobos*, 554 F. Supp.2d 375, 383 (N.D.N.Y. 2008)). Plaintiff requests enhanced damages in the amount of $100,000, an amount the court finds to be excessive in this case. Rather, considering the aforementioned factors in this case, including the fact that Defendant charged a cover charge and the need for deterrence of willful violations, the court finds that $10,000 in additional damages pursuant to § 605(e)(3)(C)(ii) to be just.

Plaintiff also seeks attorneys fees and costs pursuant to § 605(e)(3)(B)(iii). In support of its request, Plaintiff submits the declaration of its counsel, Jeremy Todd Browner [DE-9-1]. The court finds the amount of attorneys fees requested, $1,101.50, to be reasonable. Plaintiff's request for attorneys fees and costs, therefore, is ALLOWED.

As the court previously mentioned, Plaintiff also seeks additional damages under its state law claim for conversion. The court, however, finds that awarding such damages would amount to a double recovery, and therefore Plaintiffs' request for damages for conversion is DENIED. *See J&J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 707 (W.D.N.C. 2012)("Plaintiff

4

Case 5:12-cv-00233-F Document 11 Filed 11/28/12 Page 4 of 5

may not recover conversion damages in addition to actual or statutory damages under Section 605.")(citing *Joe Hand Promotions, Inc. v. Dock Street Enters., Inc.*, No. 11–1973, 2011 WL 6141058, at *5 n. 5 (D.Md. Dec. 8, 2011); *J & J Sports Prod., Inc. v. J.R.'Z Neighborhood Sports Grille, Inc.*, No. 9–3141, 2010 WL 1838432, at *2 (D.S.C. Apr. 5, 2010)).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment [DE-9] is ALLOWED. It is hereby ORDERED, ADJUDGED and DECREED that Plaintiff shall have and recover of Marino Esteban Diaz, Individually and d/b/a Velvet Room Bar and Lounge the amount of $14,200 in damages and $1,012.50 in attorneys fees, with interest accruing at the legal rate from the date of this judgment until paid. Plaintiff also is entitled to costs. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 28 day of November, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge